[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appears to be a case of first impression.
The appellant is appealing an assessment of benefit levied by the Town after the extension of a water main to serve residential property owned by her in the Town of Branford.
The parties are in substantial agreement as to the pertinent facts, in particular that the authority for the assessment is Section 7-137c of the Connecticut General Statutes and Branford Town Ordinance, Chapter 224, Sections 224-1 through 224-3.
 I CT Page 2840
Section 7-137c provides in pertinent part that property owners abutting the extended main are to reimburse the Town their respective proportionate shares of the cost of extending the main "at such time and by such rule as the municipality by ordinance determines."
Branford's ordinance, Sections 224-1 through 224-3, however contains no "rule." That is, no method of assessment or computation of benefits is set forth. Actually, the ordinance tracks the language of the statute, Sec. 7-137c.
An examination of the ordinance does not permit one to conclude whether the method adopted was front foot, lot size, or, as apparently was the case, the number of dwelling units per parcel.
This failure to follow the authorizing legislation constitutes a fatal defect and the subsequent assessment process is invalid. There is also a due process flaw inherent in the failure to provide the taxpayers with proper notice of the assessment process to be applied.
The court concludes that the appeal should be sustained.
 II
While the determination above is dispositive of this case, the court will address other concerns raised by this appeal with an eye to prompting corrective measures and avoiding further litigation.
Sec. 7-137c requires that the assessments be made against "each owner of property which abuts the main." This language is repeated in the ordinance.
The Town has apparently adopted a policy of deferring assessments on unimproved parcels. This process is flawed because there is no method in place to implement an assessment program when "improvement" occurs. This deferred assessment program also imposes the burden of financing the main extension entirely on those taxpayers whose land is presently improved. Though the Town plans to reimburse them in the future as collections accrue from later developed parcels, this program is not presently in place and suggests present owners may have to lead long lives to recoup the sums they have provided to benefit the non-assessed lots. Nor CT Page 2841 does this process consider taxpayers who pay the assessments and then sell their property.
 III
Finally, the court agrees with the appellant that both Section 7-137c and the Town Ordinance require the Town to determine the amount of deferred assessments on the land presently not divided into building lots. These parcels would then enjoy deferred assessments but a caveat placed on the land records would insure future reimbursement to the Town.
The Town has no deferment program such as this in place, but properly implemented it would eliminate the inequity of the present system as outlined by the court on Section II above.
 IV
In view of the determination that the present assessment method is invalid, the court declines to address the appellant's claim as to her assessment invalidity.
Her concerns over the dwelling unit method of assessment can be addressed to the Town when a new ordinance is proposed.
 CONCLUSION
Judgment may enter sustaining the appeal.
Anthony V. DeMayo Judge Trial Referee